IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MELISSA DENT

    v.                            Civil Action No. DKC 08-0886

MONTGOMERY COUNTY POLICE
DEPARTMENT, et al.

**MEMORANDUM OPINION**

Presently pending and reading for review in this civil rights case is Plaintiff's motion for a limited modification of the scheduling order. (ECF No. 51). The issues have been fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion will be denied.

I.   **Background**

The facts of this case have already been set forth in ECF No. 48 and need not be repeated here. Plaintiff filed suit on April 14, 2008, alleging that the police officers and Montgomery County police department were liable for deprivations of her civil rights pursuant to 42 U.S.C. § 1983, for violations of the Maryland Declaration of Rights, and for gross negligence. Discovery proceeded throughout the latter part of 2008 and first half of 2009. On August 7, 2009, Plaintiff's original counsel simultaneously agreed that discovery was complete and filed his

motion to withdraw. (ECF Nos. 32-33). Counsel's motion to withdraw was granted on September 1, 2009. (ECF No. 34). A week later Defendants filed their motion for summary judgment. (ECF No. 35). On October 6, 2009, new counsel for Plaintiff entered their appearance, and on October 15 they filed a motion requesting an extension of time to oppose summary judgment and moved to reopen discovery until December 4, 2009. (ECF Nos. 37-39). Defendants opposed the motion to extend discovery and the court deferred ruling on that aspect of the request until it decided the summary judgment motion. (ECF Nos. 40, 42). On September 17, 2010, the court granted in part and denied in part Defendants' motion for summary judgment and denied Plaintiff's request to reopen discovery. (ECF Nos. 48-49).

On the eve of a scheduling conference to set a trial date, Plaintiff renewed her request for a "limited" modification of the scheduling order to allow her to depose two defendant officers not deposed by her prior counsel, to propound a request for production of documents to the remaining defendants, to name an expert on taser usage, and to use hired medical experts to testify regarding Plaintiff's medical condition. (ECF No. 51, at 1). Defendants oppose the request.

## II. Analysis

Fed.R.Civ.P. 16(b) governs the modification of a scheduling order. District courts have broad discretion to manage the timing of discovery, *Ardrey v. United Parcel Service*, 798 F.2d 679, 682 (4th Cir. 1986), *cert. denied*, 480 U.S. 934 (1987), and the only formal limitation on this discretion with respect to consideration of motions to amend scheduling orders is that the moving party demonstrate good cause. Fed.R.Civ.P. 16(b)(4). "Good cause" is shown when the moving party demonstrates that the scheduling order deadlines cannot be met despite its diligent efforts. *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D.Md. 1999)(quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C. 1997), *aff'd by unpublished opinion*, 129 F.3d 116 (Table), 1997 WL 702267 (4th Cir. 1997)). Lack of diligence and carelessness are the "hallmarks of failure to meet the good cause standard." *W. Va. Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001). "If [the moving] party was not diligent, the inquiry should end." *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W.Va. 1995).

Plaintiff's argument in favor of a modification to the schedule primarily rests on her assertions that her former counsel did not conduct discovery in a thorough and diligent

3

manner. (ECF No. 51-1, at 3-5). Plaintiff argues that she is seeking only a "limited modification of the scheduling order" to allow for the depositions of two of the named Defendant police officers, to serve requests for production of documents to the remaining Defendants, and to identify and make available for deposition an expert on tasing—all discovery tasks that her prior counsel failed to complete. (*Id.*). Plaintiff contends that allowing this limited discovery, in addition to permitting Plaintiff to identify one or two medical experts in lieu of calling all nine of the doctors responsible for treating Plaintiff, would simplify the issues and ensure a fair and orderly trial without surprise. (*Id.* at 4). Plaintiff also maintains that there would be no prejudice to Defendants from her request because the limited modifications can be completed quickly and no trial date has been set.[1] (*Id.* at 6). Plaintiff also notes that while her former counsel demonstrated neglect, her current counsel has acted quickly and in good faith. (*Id.*)

Defendants oppose the request and argue that is essentially duplicative of Plaintiff's prior request to reopen discovery that was denied. (ECF No. 51-1, at 3). Defendants also argue

---

[1] Although Plaintiff's statement was correct at the time her motion was submitted, a trial date was set the following day. The pretrial conference is now two weeks away and trial is set for March. The parties only recently completed unsuccessful mediation efforts.

4

that allowing for the modifications Plaintiff requests would be prejudicial. (*Id.* at 10-12). Defendants argue that Plaintiff had more than enough time to conduct discovery and contend that they have made strategic decisions regarding the type or number of witnesses they plan to call at trial based on Plaintiff's prior decisions. Specifically, Defendants maintain that if Plaintiff is allowed to identify a taser expert it would impact Defendants' decision to rely on the testimony of the Montgomery County Taser instructor rather than calling their own expert witness. (*Id.* at 12). Defendants also note that Plaintiff has offered no excuses or explanations for the neglect of her former counsel and point to case law holding that clients must be held accountable for the acts and omissions of their attorneys. (*Id.* at 9)(citing *Link v. Wabash R. Co.*, 370 U.S. 626, 663 (1962) and *Pioneer Invs. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 381 (1993)).[2]

---

[2] It bears noting that courts have not followed this practice where the errors or neglect of an attorney result, or would result, in a final, involuntary termination of proceedings. *See, e.g, Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987)(quoting *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982)("justice also demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings.")

This motion bears a striking resemblance to Plaintiff's prior request to reopen discovery, a motion that was denied. The only substantive difference is that Plaintiff is no longer requesting discovery relating to her claims against the Montgomery County police department or Officer Phoenix; claims for which Defendants were granted summary judgment. Plaintiff still has not demonstrated good cause for the modifications requested to permit additional discovery. The standard for permitting modifications to the scheduling order is not whether the discovery sought is relevant and would aid resolution of the factual issues at trial. The question before the court is whether Plaintiff has shown that despite her counsel's diligence and good faith efforts the discovery deadlines could not be met and that there is a good cause to permit additional discovery at this late stage in the litigation. In answering this question the court must consider the conduct of Plaintiff's current and former counsel. Plaintiff has not even attempted to argue that her former counsel was diligent in pursuing discovery or put forth any reason why the discovery she now seeks could not have been obtained during the twelve months the parties had to complete discovery. Plaintiff is bound by the decisions of her prior counsel. *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 663 (1962); *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 409

(4th Cir. 2010). Plaintiff is not entitled to modification of the scheduling order because she is not dissatisfied with the actions of her former counsel.

In addition, while the diligence of the party seeking a modification is the primary factor, the prejudice to Defendants that would result is not insignificant. At this stage in the litigation, on the eve of trial, it would be unfair to Defendants either to force them to participate in additional discovery while preparing for trial or to postpone trial and further delay a resolution on the merits.

For all of these reasons the scheduling order will not be modified at this time.

## III. Conclusion

For the reasons stated above, Plaintiff's motion will be denied. A separate Order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge